OPINION *Page 2 
{¶ 1} Michelle Price and Avery Hollingsworth appeal a judgment of the Court of Common Pleas, Juvenile Division, of Guernsey County, Ohio, which terminated their parental rights in their minor child Edward Hollingsworth, and granted permanent custody to the Guernsey County Children's Services Board to be placed for adoption. Appellants assign a single error to the trial court:
 {¶ 2} "I. THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT GUERNSEY COUNTY CHILDREN SERVICES BOARD FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT'S (SIC) PARENTAL RIGHTS SHOULD BE TERMINATED."
 {¶ 3} In its judgment entry of July 17, 2007, the trial court made findings of fact and conclusions of law. The court found the child was born on December 26, 2006, ten weeks early. At the time of his birth both the child and the mother tested positive for marijuana and cocaine. The court found throughout her pregnancy the appellant mother tested positive for marijuana and cocaine, and continued to use illicit drugs despite being counseled on the dangers of using drugs during pregnancy.
 {¶ 4} The court found the appellant parents were in the county jail at the time of the final hearing, and the child has never been in the custody of the parents. The court found the only part of the case plan either parent had accomplished was that mother had obtained her State of Ohio non-driver ID card. The court found the child does not know his parents, but does know the foster parents.
 {¶ 5} The trial court cited R.C.2151. 414, and found the child had not been orphaned or abandoned, and had not been in the custody of children's services for 12 *Page 3 
out of 22 consecutive months. The court found the child cannot be placed with either parent within a reasonable time and should not be placed with either parent.
 {¶ 6} The court cited R.C. 2151.414 (D), and found permanent custody to the Children's Services Board was in the child's best interest. The court set forth several reasons for this conclusion, including that the child does not know his parents, and needs a legally secure permanent placement. The guardian ad litem recommended permanent custody of the child be awarded to Children's Services Board.
 {¶ 7} The court cited R.C.2151.414 (E)(7) through (11), and found the parents have placed the child at substantial risk of harm two or more times due to their drug abuse. The court found after it had approved the case plan requiring drug treatment, the appellant parents rejected treatment two or more times or refused to participate in further treatment two or more times. The court found the parents abused the child by abusing drugs during pregnancy after being advised of the risks to the unborn child. The court found nothing was presented to indicate the parents would not continue to abuse drugs while attempting to raise the child.
 {¶ 8} Appellants argue the trial court's findings are not supported by clear and convincing evidence, and thus, the court's decision was against the manifest weight of the evidence. Our standard of reviewing the court's decision is to determine whether there is sufficient, competent and credible evidence upon which the court could base its judgment, Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758.
 {¶ 9} Revised Code § 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. §2151.414(A)(1) mandates the trial court schedule a hearing, and provide notice, upon filing of a motion for permanent *Page 4 
custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.
 {¶ 10} Following the hearing, R.C. § 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply:
 {¶ 11} "(a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
 {¶ 12} "(b) the child is abandoned;
 {¶ 13} "(c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or
 {¶ 14} "(d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 15} Appellants take issue with the court's finding the child does not know his parents, arguing the reason the child was not given the opportunity to bond with the parents because Children's Services greatly restricted their ability to visit with him. From the record it appears visitation was restricted because of the child's medical condition and special needs.
 {¶ 16} Appellants also argue the child could have been placed with a family member within a reasonable amount of time. Two of appellant mother's relatives came forward and indicated a willingness to have the child placed with them. However, *Page 5 
testimony was presented to the court indicating their home had defects and needed repairs. A kinship coordinator for the Children's Services Board testified the relatives appeared to lack insight into the issues the child may face because of his prematurity and exposure to drugs, and the coordinator also questioned the relatives' motivation in offering to take the child.
 {¶ 17} We have reviewed the record, and we find the judgment of the trial court is supported by sufficient relevant, competent, and credible evidence from which the court could determine by clear and convincing evidence that the child could not be placed with either of his parents within a reasonable amount of time, and should not be placed with his parents. The record also supports the court's finding by clear and convincing evidence it is in the child's best interest to grant permanent custody to Children's Services Board so he may be adopted.
 {¶ 18} The assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Guernsey County, Ohio, is affirmed.
By: Gwin, P.J., Hoffman, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Guernsey County, Ohio, is affirmed. Costs to appellants. *Page 1